# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 07 2015 ★
LONG ISLAND OFFICE

№ 15-CV-4253 (JFB)

FRANK E. BOOKER, JR.,

Petitioner,

VERSUS

CHARLES EWALD,

Respondent.

MEMORANDUM AND ORDER
August 7, 2015

JOSEPH F. BIANCO, District Judge:

*Pro se* petitioner Frank E. Booker, Jr. ("petitioner" or "Booker"), a state pre-trial detainee, brings this petition pursuant to 28 U.S.C. § 2241, seeking his immediate release from custody and the dismissal of all charges. For the reasons set forth below, this petition is dismissed without prejudice to petitioner's right to file a future petition pursuant to Section 2241 after he exhausts his available state remedies, or under 28 U.S.C. § 2254 after sentencing, if he is convicted on the pending charges.

I. BACKGROUND

Booker is currently incarcerated at Suffolk County Correctional Division pending trial on unspecified charges. (Pet. at 1.) In the instant petition, which petitioner filed *pro se* on July 20, 2015, Booker states that he is challenging the "decision or action to have a third party enter plea of 'not guilty' on my behalf without my consent. Also challenging the imposition of bail against me; the detainment and incarceration of my person and effects without [] warrant supported by Oath or Affirmation. And the constitutionality thereof." (*Id.* at 2.) Petitioner alleges these events occurred on July 18, 2015, only two days prior to the filing of his petition. (*Id.*) Booker states that he had not filed any appeal, grievances, or administrative remedies with respect to the alleged actions in his petition. (*Id.*)

Booker argues that he is being unlawfully detained and, as such, he seeks a writ of habeas corpus ordering his release. Although the grounds for his release are stated somewhat incomprehensibly, construing his statements as liberally as

possible, petitioner raises four issues in support of his petition, namely: (1) "New York state statute VTL 511.1A 1A; N.Y. CPL Law § 170.35(c); and U.S. Constitution of 1789 sixth amendment as ratified" are unconstitutional, due to the warrantless infringement on his "unalienable right to travel"; (2) that the New York State Unified Court System is not a sovereign because it "is a commercial trading company"; (3) "Pierce Cohalan, d/b/a PUBLIC TRUST, Judge for Suffolk County District Court, served as an assistant district attorney for Suffolk County, as is currently registered as Foreign Agent and has ordered the incarceration of my person without jurisdiction, authority, nor consent granted by me to do so"; and (4) the New York vehicle traffic laws violate the Supremacy Clause of the Constitution, because "the U.S. Constitution is the 'supreme law of the land,' and no other laws will supersede it. Consequently, my private automobile is being construed as a 'motor vehicle' for the enforcement of New York Vehicle Traffic Law to impose the charges alleged. To wit, I have never used my private automobile for fare, fee." (Pet. at 6-7.) Based upon Booker's petition, it is clear that Booker is seeking to use his habeas petition solely as a vehicle to challenge the state charges pending against him and to have these charges dismissed. For the reasons set forth below, Booker's petition is denied.

## II. DISCUSSION

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b)(1)-(2); *Liner v. Goord*, 196 F.3d 132, 134 (2d Cir. 1999) (noting that *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999). However, when a plaintiff is proceeding *pro se*, a court has an obligation to construe his or her pleadings liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," a court cannot dismiss an action *sua sponte*. *McEachin v. McGuinnis*, 357 F.3d 197, 201 (2d Cir. 2004) (quoting *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003)).

Booker brings his petition pursuant to 28 U.S.C. § 2241, under which state pre-trial detainees may challenge their detention. *See, e.g., Marte v. Berkman*, No. 11 Civ. 6082 (JFK), 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011) (collecting cases), *aff'd sub nom. Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012). However "[a]lthough not a statutory requirement, Section 2241 has been interpreted as requiring a petitioner to exhaust available state court or administrative remedies prior to seeking any relief thereunder in federal court." *Robinson v. Sposato*, No. 11-CV-0191 (SJF), 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012).

Even liberally construed, the instant petition is frivolous. At root, plaintiff's petition requests that this Court intervene in his pending criminal prosecution. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that the district court could not enjoin an ongoing state prosecution, regardless of whether the law

2

under which the plaintiff was being prosecuted was constitutional, citing, *inter alia*, the federalism principles central to the United States Constitution. *Id.* at 44–45, 56. The Second Circuit has held that "*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court," unless the plaintiff can show extraordinary circumstances to warrant intervention in the ongoing proceeding. *Hansel v. Springfield*, 56 F.3d 391, 393 (2d Cir. 1995). "*Younger* is not a jurisdictional bar based on Article III requirements, but instead a prudential limitation on the court's exercise of jurisdiction grounded in equitable considerations of comity." *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003).

The law is clear that the principles of *Younger* apply equally in the Section 2241 habeas context. *See, e.g., Allen v. Maribal*, No. 11-CV-2638 (KAM), 2011 WL 3162675, at *1 (E.D.N.Y. July 25, 2011) (Section 2241 "cannot be used to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.'") (quoting *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493 (1973)).

Here, all three *Younger* requirements are met. First, the complaint reflects that state proceedings are ongoing in the criminal action.[1] Second, the resolution of plaintiff's criminal case is an important state interest. Third, plaintiff has not alleged (or shown)

---

[1] The New York State Unified Court System's website lists petitioner's criminal cases, *People v. Booker*, Nos. 2015SU030053, 2015SU030054, and 2015SU030055 as on-going. *See* http://iapps.courts.state.ny.us/webcrim (last visited August 6, 2015).

that the state courts are an inadequate forum for raising his constitutional claims. In fact, he acknowledges that he has not yet sought any relief whatsoever in state court, nor has he filed a grievance or attempted to obtain an administrative remedy. Finally, plaintiff's petition, even construed liberally, does not state any grounds that would constitute "extraordinary circumstances" such that intervention in this ongoing proceeding would be warranted.

Similarly, it is clear from the face of the petition, even if non-frivolous, would be premature. By his own admission, petitioner has not presented any of these constitutional arguments in state court, nor has he sought any administrative remedies. Therefore, the instant petition cannot be considered by the Court at this time. *See Allen*, 2011 WL 3162675, at *2 (a state pre-trial detainee cannot obtain relief under Section 2241 on speedy trial grounds when he has not presented that issue to the state court) (citing *United States ex rel. Scranton*, 532 F.2d 292, 296 (2d Cir. 1976); *Albanese v. Loughren*, No. 05-CV-0572, 2005 WL 1460405, at *1-2 (N.D.N.Y. June 20, 2005)).

III. CONCLUSION

For the foregoing reasons, the instant petition under Section 2241 is dismissed without prejudice to petitioner's right to file a future petition pursuant to Section 2241 after he exhausts his available state remedies, or under 28 U.S.C. § 2254 after sentencing, if he is convicted on the pending charges. The Clerk of the Court is instructed to enter judgment accordingly and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose

3

of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

      SO ORDERED.

      /s/ Joseph F. Bianco
      JOSEPH F. BIANCO
      United States District Judge

Date: August 7, 2015
      Central Islip, NY

\* \* \*

Plaintiff is proceeding *pro se*. Defendant has not yet appeared in this action.